UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.00-6251-CR-FERGUSON

UNITED STATES OF AMERICA

v.

FREDERICK STRUM,a/k/a
"Fred Sturm"
    DEFENDANT,
_____/



GOVERNMENT'S RESPONSE TO STANDING DISCOVERY ORDER

    The United States of America, in response to the Standing Discovery Order issued in this case file this response which is alphabetized and numbered to correspond to that original order and states as follows:

    A.  1.  There are written or recorded statements made by the defendant. See attached cassette of taped interview of the defendant conducted by the Fort Lauderdale Police Department.

        2.  The defendant made oral statements after arrest, in this matter in response to interrogation by a then known-to-be government agent. See attached cassette tape.

        3.  Defendant did not testify before the grand jury.

        4.  The defendant has a criminal history which is attached.

        5.  Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained from or belonging to the defendant, include but are not limited to: demand note recovered from the June 23, 2000 Bank Atlantic(Tamarac) robbery; demand note recovered from the July 5, 2000 Bank of America (Holywood) robbery; demand note recovered from the July 20,2000 Bank Atlantic (Fort Lauderdale) robbery; demand note recovered from the June 25, 2000 Bank Atlantic (Tamarac) robbery; demand note recovered from the August 1, 2000 Bank Atlantic (Fort Lauderdale) robbery: two (2) bank surveillance photographs of the August 1, 2000 robbery; two (2)surveillance photographs from the Texaco gas station accross from the Bank atlantic Bank depectingthe defendant moments prior to the robbery :FDIC certificates of all victim banks;

        6.  The results or reports of physical or mental



examinations or scientific tests or experiments made in connection with this case are attached. See fingerprint comparison reports. The C.V. of the fingerprint examiners will be provided when they are received by the undersigned.

    B.    The United States requests the discovery and production of those items described and listed in paragraph B of the Standing Discovery Order, and as provided by Federal Rule of Criminal Procedure 16(b).

    C.    The only information or material known to the United States which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963) or United States v. Agurs, 427 U.S. 97 (1976) is as follows: none known.

    D.    The existence and substance of payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses within the scope of United States v. Giglio, 405 U.S. 150 (1972) and Napue v. Illinois, 360 U.S. 264 (1959) is as follows: none known

    E.    None Known

    F.    The defendant was identified in several photo spreads. Please contact the undersigned to make an appointment to view the original photo spread and review reports of interview regarding the photo spread.

    G.    The government agents and officers involved in this case have been advised to preserve all rough notes they may have taken.

    H.    The United States will advise the defendant, prior to trial, of its intent to introduce during its case in chief, evidence of other crimes, wrongs or acts as provided by Federal Rule of Evidence 404(b). Any evidence made available for inspection may be offered in the government's case in chief under Federal Rule of Evidence 404(b) or otherwise.

    I.    The defendant was not an aggrieved person as defined in Title 18, United States Code, Section 2510(11), that is, the defendant was not a party to any intercepted wire or oral communication or a person against whom the interception was directed.

    J.    The United States has ordered transcripts of the grand jury testimony of all witnesses who will testify for the government at the trial of this case. The transcripts will be provided as required by Title 18, United States Code, Section 3500.

    K.    There are no controlled substances which are the subject of the indictment in this case.

    L.    The United States did not seize or forfeit any

automobile, vessel or aircraft allegedly used in the commission of the offenses in this indictment.

M. Latent fingerprints of the defendant were recovered in this case. See attached lab report.

The United States demands, pursuant to Federal Rule of Criminal Procedure 12.1, notice of the defendant's intention to offer a defense of alibi. The approximate date, time and place at which the alleged offenses were committed are as follows:

Date:       6/23, 7/5, 7/20, and 8/1, 2000

Place       Broward County, Florida

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
Thomas P. Lanigan
ASSISTANT UNITED STATES ATTORNEY

CERTIFICATE OF SERVICE

I hereby certify that a copy of this Government's Response to Standing Discovery Order was mailed this 26th day of October, 2000 to: Robert Berube, Supervisory Assistant Federal Public Defender, 101 North East 3rd Avenue, Fort Lauderdale, FL 33301

_____
Thomas P. Lanigan
ASSISTANT UNITED STATES ATTORNEY

cc: S/A Ty Sager, FBI